Argued January 25, reversed February 14, 1928.

## LEONA CAMIRAND v. ANN DE LUDE.

### (264 Pac. 355.)

Appeal and Error—Reviewing Court must Set Aside Verdict Without Evidence to Support It.

1. Reviewing court *held* required to set aside verdict for alienation of husband's affections where there was no evidence to support it.

Trial—Overruling Defendant's Motion for Nonsuit Held Erroneous Where There was No Evidence to Support Plaintiff's Allegations.

2. In action for alienation of husband's affections, court's overruling motion for a nonsuit *held* erroneous where there was no evidence to support plaintiff's allegations.

**Trial—Overruling Defendant's Motion for Directed Verdict Held Erroneous Where There was No Evidence to Support Plaintiff's Allegations.**

3. Overruling defendant's motion for a directed verdict *held* erroneous where there was no evidence to support plaintiff's allegations of alienation of her husband's affections by defendant.

**Trial—Refusal to Withdraw from Jury Issue Whether Defendant had Sustained Improper Relations With Plaintiff's Husband Held Erroneous Under Evidence.**

4. In wife's action for alienation of her husband's affections, court's denial of motion to withdraw from jury's consideration the issue made by the pleadings of whether defendant had sustained adulterous relations with plaintiff's husband *held* erroneous, where there was no evidence to support such issue.

Appeal and Error, 4 **C. J.**, p. 856, n. 88.
Husband and Wife, 30 **C. J.**, p. 1144, n. 44, 46, p. 1146, n. 75.

From Multnomah: LOUIS P. HEWITT, Judge.

Department 1.

REVERSED.

For appellant there was a brief over the name of *Messrs. Davis & Farrell,* with an oral argument by *Mr. Paul R. Harris.*

For respondent there was a brief over the name of *Mr. W. H. Hallam,* with an oral argument by *Mr. Andrew Hansen.*

RAND, C. J.—This is an action in which the plaintiff is seeking to recover damages for the alleged alienation of the affections of her husband. From a judgment entered upon the verdict, defendant has appealed.

Defendant predicates error upon the refusal of the court to grant a motion for a nonsuit, the overruling of a motion for a directed verdict, and the denial of a motion to withdraw from the consideration of the jury the issue made by the pleadings of whether the

defendant had sustained adulterous relations with plaintiff's husband.

It appears from the evidence that plaintiff and her husband were married in Canada; that they had three children, and that, after living in Canada about ten years, they moved to Portland, where they were living at the time of the alleged wrongful acts of defendant. Plaintiff was born in Belgium and her husband is a French-Canadian. Defendant was fifty-two years of age and was residing with her husband and son at their home in Portland. The whole evidence shows, and it is uncontradicted, that plantiff was very quarrelsome and frequently assaulted her husband, using for that purpose a broom-handle, a club, an iron bar or anything else which might be available upon the occasion, and that prior to the time referred to in the complaint she drove her husband from home with a club, chasing him out into the street and beating him until he was able to escape by running away from her; that, at said time, plaintiff's husband was working with defendant's son at a bakery, both working night shifts, and, after being driven away from home, plaintiff's husband went to live in an apartment house; that, on or about the 22d of June, 1922, at the invitation of defendant's son, he went to live with defendant's son, both occupying and paying the rental of the son's room at defendant's home, and remained there until about the first of September, 1922, when the husband returned to his own home and, after a few days, left for parts unknown. During a part of the time that plaintiff's husband was rooming with defendant's son at defendant's home, defendant and her husband made a visit to Canada, remaining away some six or seven weeks.

1–4. After the close of all of the evidence and after all of said motions had been denied, there was literally no evidence in the record tending in the slightest to prove, or from which any inference could be drawn by anyone, that there were or ever had been any improper relations of any kind between defendant and plaintiff's husband. Nor was there the slightest evidence tending to show that defendant did any act or thing which induced or had the effect of alienating the affections of plaintiff's husband. We have read and re-read the testimony offered by plaintiff, seeking to find some evidence in the record upon which the verdict of the jury can be sustained. We find no evidence of any fact or circumstance from which any inference of wrongdoing upon the part of the defendant can be drawn. We find nothing to justify the verdict. While we are reluctant to overturn the verdict of a jury and have no power to do so if it can be sustained upon any competent evidence to be found in the entire record, yet where there is literally no evidence in the record upon which the verdict can be sustained, the law imposes upon us the duty to set aside the judgment. It was error for the trial court to overrule any of said motions. The judgment is, therefore, reversed and the cause will be remanded, with directions to the lower court to dismiss the action, and it is so ordered.

REVERSED AND REMANDED, WITH DIRECTIONS.

COSHOW, McBRIDE and BROWN, JJ., concur.